

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DERRICK WEBSTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-859-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Derrick Webster, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

In February 2003 a jury found petitioner guilty of assault causing bodily injury to a public servant in the 372nd District Court of Tarrant County, Texas, Case No. 0866501R, and assessed

his punishment at 65 years' confinement. (02SHR at 21[1]) The Second District Court of Appeals of Texas affirmed the trial court's judgment on May 13, 2004. (02SHR at 23-27) Petitioner did not file a petition for discretionary review; thus his conviction became final under state law thirty-two days later on Monday, June 14, 2004. Tex. R. App. P. 68.2(a)[2]; *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Petitioner filed two state habeas applications challenging his 2003 conviction. The first was filed in April 2011, and was dismissed by the Texas Court of Criminal Appeals for noncompliance with filing requirements. The second was filed in July 2011, and was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (01SHR at cover, 2; 02SHR at cover, 2)

This federal petition, challenging his 2003 conviction on four grounds, was filed on September 20, 2013.[3] (Pet. at 10) As

---

[1] "02SHR" refers to the state court record of petitioner's state habeas proceeding in WR-76,017-02; "01SHR" refers to the state court record of his state habeas proceeding in WR-76,017-01.

[2] Thirty days after May 13, 2004, was a Saturday.

[3] A pro se prisoner's habeas petition is deemed filed when it is placed in the prison mailing system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

directed, respondent has filed a preliminary response and documentary evidence addressing only the issue of limitations, wherein he contends the petition is untimely. Petitioner filed a reply in rebuttal.

## II. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's conviction became final, as previously noted, on June 14, 2004, triggering the one-year limitations period, which expired one year later on June 14, 2005, absent any tolling.

Petitioner's state habeas applications filed years later after limitations had already expired did not operate to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged and demonstrated rare or exceptional circumstances warranting tolling as a matter of equity. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2552 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in

4

his way'" and prevented him from filing a timely petition. *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).

Petitioner asserts his indigence, pro se status, reliance on prisoner "writ writers," mental illnesses, and isolation from the general population hindered his ability to file his petition. (Pet. at 9; Pet'r Reply 1-3) It is well settled, however, that a petitioner's pro se status, indigence and lack of knowledge of the law, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999).

Further, although mental illness may warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition. *Jones v. Stephens*, — Fed. Appx. —, 2013 WL 5615736, at *5 (5th Cir. Oct. 15, 2013). Petitioner has failed to demonstrate that his particular disabilities-Adjustment Disorder with Depressed Mood, Posttraumatic Stress Disorder, Polysubstance Dependance, and

5

Antisocial Personality Disorder-impaired his ability to comply with the filing deadline. Nor has petitioner demonstrated that he has been continuously confined apart from the general population with more restrictive conditions or been prevented in obtaining the assistance of general population inmates. (Pet'r Reply at 2 & Ex. B)

Finally, petitioner's extreme delay further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Petitioner's federal petition was due on or before June 14, 2005. His petition filed on September 20, 2013, is therefore untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a

certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that his petition was, or should be considered, timely filed or made a substantial showing of the denial of a constitutional right.

SIGNED January __17__, 2014.

/s/ John McBryde
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE